■ FIRDOUS ORIENTAL RUGS, INC., Respondent, v M & G BROKERAGE, INC., Defendant, and THOSE CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY NUMBER R081279, Appellant. [985 NYS2d 912]—

In an action, inter alia, to recover damages for breach of an insurance contract, the defendant Those Certain Underwriters at Lloyd's London subscribing to policy number R081279 appeals from so much of an order of the Supreme Court, Westchester County (Giacomo, J.), entered September 27, 2012, as denied its cross motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the cross motion of the defendant Those Certain Underwriters at Lloyd's London subscribing to policy number R081279 for summary judgment dismissing the complaint insofar as asserted against it is granted.

The plaintiff, a rug importer and seller, obtained a marine insurance policy (hereinafter the policy) from Those Certain Underwriters at Lloyd's London subscribing to policy number R081279 (hereinafter Lloyd's). In 2007 and 2008, as a result of water damage at its New Jersey warehouse, the plaintiff made a claim under the policy. Lloyd's disclaimed coverage based upon the plaintiff's alleged material misrepresentation in the application for insurance and the alleged breach of a condition precedent. The plaintiff commenced an action against, among others, Lloyd's to recover damages for breach of the insurance contract and to recover under the policy. The plaintiff moved for summary judgment and Lloyd's cross-moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court denied the motion and the cross motion. Lloyd's appeals from so much of the order as denied its cross motion.

Under New Jersey law, which is applicable in this case, a misrepresentation is material "if it 'naturally and reasonably influence[d] the judgment of the underwriter in making the contract at all, or in estimating the degree or character of the risk, or in fixing the rate of premium' " (*Massachusetts Mut. Life Ins. Co. v Manzo*, 122 NJ 104, 115, 584 A2d 190, 195 [1991], quoting *Kerpchak v John Hancock Mut. Life Ins. Co.*, 97 NJL 196, 198, 117 A 836, 837 [1922]; *see Palisades Safety & Ins. Assn. v Bastien*, 175 NJ 144, 148-149, 814 A2d 619, 622 [2003]). Lloyd's established that, in applying for the policy, the plaintiff represented that it had no losses within the prior three years. Lloyd's also established that this representation was false and that, at the least, it would have charged a higher premium had the misrepresentation not been made. Accordingly, Lloyd's established, prima facie, that the plaintiff made a material misrepresentation in obtaining the policy (*see James v Tower Ins. Co. of N.Y.*, 112 AD3d 786, 787 [2013], *lv denied* 23 NY3d 901 [2014]; *Meah v A. Aleem Constr., Inc.*, 105 AD3d 1017, 1020

[2013]). In opposition, the plaintiff failed to raise a triable issue of fact. Thus, the Supreme Court should have granted the cross motion of Lloyd's for summary judgment dismissing the complaint insofar as asserted against it (*see James v Tower Ins. Co. of N.Y.*, 112 AD3d at 787; *Meah v A. Aleem Constr., Inc.*, 105 AD3d at 1020).

In light of our determination, we need not address Lloyd's remaining contention. Balkin, J.P., Dickerson, Chambers and Hall, JJ., concur.